IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

AVIS A. BRANUM                                                    PLAINTIFF

VS.                                    CIVIL NO. 06-3070

MICHAEL J. ASTRUE[1], Commissioner
SOCIAL SECURITY ADMINISTRATION                                   DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Avis Branum, brings this action pursuant to § 205(g) of the Social Security Act

("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of

the Social Security Administration denying her applications for disability insurance benefits ("DIB")

and supplemental security income ("SSI"), under Titles II and XVI of the Act.

**Background:**

The applications for DIB and SSI now before this court were filed on June 10, 2003, alleging

an onset date of September 1, 2000, due to chronic neck, right shoulder and arm, lower back, and

hip pain.  (Tr. 22, 65-67).  An administrative hearing was held on October 14, 2005.  (Tr. 678-709).

Plaintiff was present and represented by counsel.

At the time of the administrative hearing, plaintiff was 46 years old and possessed a high

school education.  (Tr. 19).  The record reveals that she had past relevant work ("PRW") experience

as a fast food worker and clerical/clerk.  (Tr. 19).

---

[1]Michael J. Astrue became the Social Security Commissioner on February 12, 2007.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit.

The Administrative Law Judge ("ALJ"), rendered an unfavorable decision on March 7, 2006. (Tr. 19-27).  He concluded that plaintiff's chronic right shoulder pain, cervical strain, and mild carpal tunnel syndrome were severe but determined that they did not meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulation No. 4. (Tr. 26).  The ALJ then found that plaintiff retained the residual functional capacity ("RFC") to perform a range of sedentary work, which requires lifting a maximum of 10 pounds, standing or walking no more than 2 hours out of an 8-hour day; sitting no more than six hours; and, occasional climbing, balancing, stooping, kneeling, crouching, or crawling.  Further, due to mental limitations, the ALJ limited plaintiff to work involving no more than incidental interpersonal contact, tasks that are learned and performed by rote with few variables, tasks involving little judgment, and work where the supervision required is simple, direct, and concrete (i.e., unskilled work).  With the assistance of a vocational expert, the ALJ determined that plaintiff could perform work as an assembler, small industrial machine operator, and office clerk.  (Tr. 25).

On September 2, 2006, the Appeals Council declined to review this decision.  (Tr. 8-10). Subsequently, plaintiff filed this action.  (Doc. # 1).  This case is before the undersigned by consent of the parties.  Both parties have filed appeal briefs and the case is now ready for decision.  (Doc. # 9, 11).

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir.

2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3), 1382(3)(c).  A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.  *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

3

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003).  Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity.  *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**Discussion:**

After a thorough review of the record and consideration of the ALJ's decision, the undersigned is concerned by the fact that the ALJ failed to consider plaintiff's fibromyalgia in his evidence analysis.  Fibromyalgia is a condition that causes pain in fibrous tissues, muscles, tendons, ligaments and other "white" connective tissues.  Its cause or causes are unknown, there is no cure, and, perhaps of greatest importance to disability law, its symptoms are entirely subjective.  There are no laboratory tests for the presence or severity of fibromyalgia.  The disease is chronic, and "[d]iagnosis is usually made [only] after eliminating other conditions." *Brosnahan v. Barnhart*, 336 F.3d 671, 672 n.1 (8th Cir. 2003).  The principal symptoms include generalized pain and tenderness, stiffness, anxiety, fatigue, disturbed sleep, irritable bowel symptoms, headaches, and pain on

4

palpation of multiple tender points at fixed locations on the body.  *See* THE MERCK MANUAL 321-322 (18th ed. 1992).

We recognize that it is difficult to determine the severity of plaintiff's condition because of the unavailability of objective clinical tests.  Fibromyalgia is truly a subjective impairment.  However, in spite of this, the Eighth Circuit has held, in the context of a fibromyalgia case, that the ability to engage in activities such as cooking, cleaning, and hobbies, does not constitute substantial evidence of the ability to engage in substantial gainful activity.  *Brosnahan*, 336 F.3d 671, 677 (8th Cir. 2003); *See Kelley v. Callahan,* 133 F.3d 583, 588-89 (8th Cir. 1998).

The medical evidence before us makes clear that plaintiff has been consistently diagnosed with fibromyalgia since at least 1998.  (Tr. 155, 166, 173, 251, 257-260, 274, 424, 432, 505, 552, 553, 590, 635, 652).  She has also experienced migraine headaches, gastrointestinal problems, sleep deprivation, anxiety, and fatigue.  (Tr. 258, 491, 552, 553, 585, 586, 633, 638, 639, 644, 655, 659, 663, 668).  Records indicate that, in spite of various conservative treatment regimens, including physical therapy and epidural steroid injections, plaintiff has received only temporary and minimal relief from her discomfort. (Tr. 177, 503).  One of plaintiff's treating doctors, Dr. Ferree, even wrote a letter voicing his opinion that plaintiff's fibromyalgia prevented her from performing gainful employment in either a sitting or standing position for any period of time in excess of 1 to 2 hours. (Tr. 504).  However, this was neither considered nor mentioned by the ALJ.

In light of the medical reports and record in this case, it appears the ALJ gave little weight to the consistent diagnosis of fibromyalgia or its debilitating effect on plaintiff.  We have long recognized that fibromyalgia has the potential to be disabling, and find the ALJ erred by not properly

considering Dr. Ferree's opinion letter to that effect. *Brosnahan*, 336 F.3d at 168. Accordingly, remand is necessary to allow the ALJ to reconsider the evidence concerning plaintiff's fibromyalgia. We strongly suggest that the ALJ also obtain RFC assessments from plaintiff's other treating doctors before making a final decision.

**Conclusion:**

Based on the foregoing, we reverse the ALJ's decision and remand this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 29th day of November 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

6