IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

AVIS A. BRANUM                PLAINTIFF

v.        CIVIL NO. 06-3070

MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration           DEFENDANT

**O R D E R**

Plaintiff Avis A. Branum appealed the Commissioner's denial of benefits to this court. On November 29, 2007, judgment was entered remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. # 13). On February 20, 2008, plaintiff moved for an award of $1,677.03 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 4.00 attorney hours of work before the court at an hourly rate of $150.00, 9.00 paralegal hours at an hourly rate of $75.00 and $402.03 in expenses. (Doc. # 14-15). Defendant has filed a response, expressing no objection to this award. (Doc.# 16).

**§ 406 Fees:**

Statutory provision for the award of attorney's fees is found in 42 U.S.C. § 406(b)(1). We find this request is premature, in that there has been no submission of evidence indicating plaintiff has been successful upon remand and has been awarded benefits from which an appropriate fee may be paid. The fee awarded an attorney under 42 U.S.C. § 406 is paid out of any past-due benefits to which the claimant is entitled. See 42 U.S.C. § 406(a), (b); 20 C.F.R. § 404.1720(b)(4).

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

**Plaintiff's counsel routinely requests fees pursuant to 42 U.S.C. § 406(b)(1) as an alternative should the court not grant fees pursuant to the EAJA. We strongly recommend to plaintiff's counsel that he review the requirements needed to seek fees pursuant to 42 U.S.C. § 406(b)(1) and to refrain from requesting such fees as an alternative in every petition for fees pursuant to the EAJA.**

**EAJA Fees:**

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

AO72A
(Rev. 8/82)

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir.1991), quoting *Cotter v. Bowen, 879 F.2d 359, 361 (8th Cir.1989).* The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir.1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of

3

hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A).

Plaintiff's counsel requests attorney's fees under the EAJA at a rate of $150.00 an hour based on an increase in the cost of living. Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index. Plaintiff's counsel has attached a summary of the Consumer Price Index as an exhibit to his Memorandum of Law (Doc. # 15) and has presented evidence of an increase in the cost of living. Therefore, the undersigned believes his argument for enhanced fees based on a cost of living increase has merit. Accordingly, we find that plaintiff's counsel is entitled to an award at the rate of $150.00 per hour.

Plaintiff's counsel has also requested paralegal hours of work at the rate of $75.00 per hour. We find the hourly rate should be reduced to $65.00 per hour.

4

Plaintiff's counsel seeks 0.25 paralegal hour on October 30, 2006 (letter to the clerk enclosing a check for the filing fee. Review of file), from which we deduct 0.25 hour; 0.25 paralegal hour on November 6, 2006 (receipt and review of file-marked copies of the complaint with summons, Review of file), from which we deduct 0.25 hour; 0.50 paralegal hour on January 5, 2007(letters to the Regional Chief, U.S. Attorney General and U.S. Attorney serving the complaint upon them. Review of file), from which we deduct 0.50 hour; 0.25 paralegal hour on April 19, 2007,[2] from which we deduct 0.25 hour; 0.50 paralegal hour on November 30, 2007 (preparation of the Affidavit of plaintiff. Letter to the client enclosing Affidavit to be signed with copy of the Judgment. Review of file), from which we deduct 0.40 hour; 0.25 paralegal hour on December 6, 2007 (receipt and review of signed Affidavit from the client. Review of file), from which we deduct 0.25 hour. This time cannot be compensated, in full, under the EAJA. *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir.1987) (work which could have been completed by support staff is not compensable under the EAJA). Accordingly, we deduct 1.90 paralegal hours from the total number of compensable hours sought.

Plaintiff's counsel seeks 0.25 paralegal hour on January 22, 2007 (receipt and review of Consent to jurisdiction by the US Magistrate. Review of file). We find the time submitted to be excessive and reduce it to 0.10 hour. Accordingly, we deduct 0.15 paralegal hour from the total number of compensable hours sought.

Plaintiff's counsel seeks 0.25 paralegal hour on January 28, 2008 (receipt and review of Notice of Order of Appeals Council remanding case to ALJ. Review of file), from which we deduct 0.25 hour. We note, time spent at the administrative level is not compensable under the EAJA. *See*

---

[2] Plaintiff's counsel requested 3.00 attorney hours and 0.25 paralegal hours on this date for the final preparation of the appeal brief and electronically filing the brief. There is no indication as to what the 0.25 paralegal hour was for specifically so we deduct the 0.25 paralegal hour for electronically filing the brief.

5

*Cornella v. Schweiker*, 728 F.2d 978, 988-89 (8th Cir. 1984). Accordingly, we deduct 0.25 paralegal hour from the total number of compensable hours sought.

Plaintiff's counsel seeks a total of 2.00 paralegal hours on February 18, 2008, for the research and preparation of the EAJA petition. We find the time sought to be excessive and deduct 0.50 paralegal hour from the total compensable time sought by counsel.

Finally, counsel seeks reimbursement for $402.03 in expenses incurred with regard to the filing fee, postage and photocopies. Such expenses are recoverable under the EAJA and we find $402.03 to be a reasonable award. See Kelly v. Bowen, 862 F.2d 1333, 1335 (8th Cir. 1988).

Accordingly, we find that counsel is entitled to compensation under the EAJA for: 4.00 attorney hours, at the hourly rate of $150.00, 6.20 (9.00-2.80) paralegal hours, at the hourly rate of $65.00, and for $402.03 in expenses, for a total attorney's fee award of $1,405.03. This amount should be paid in addition to, and not out of, any past due benefits which plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the plaintiff.

IT IS SO ORDERED this 28th day of March 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE